IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT T. CARROLL,

                Plaintiff,                  OPINION AND ORDER

v.

                                              19-cv-680-wmc

ANDREW M. SAUL, Commissioner of
Social Security,

                Defendant.

---

     Pursuant to 42 U.S.C. § 405(g), plaintiff Robert T. Carroll seeks judicial review of a final determination that he was not disabled within the meaning of the Social Security Act.  Carroll contends that remand is warranted because the administrative law judge ("ALJ") failed to adequately account for his finding of a moderate limitation in concentration, persistence and pace ("CPP") in formulating his residual functional capacity ("RFC") for purposes of posing a hypothetical question to the vocational expert.  Because the ALJ relied on the credible opinion of a medical expert in translating Carroll's CPP limitation into nonexertional limitations in his RFC, the court rejects plaintiff's challenge and will affirm the denial of benefits.

# BACKGROUND[1]

## A. Overview

Plaintiff Robert T. Carroll applied for social security disability benefits and social security supplemental insurance benefits on April 27, 2016, claiming an alleged onset date of February 22, 2015. With a birth date of May 30, 1967, Carroll was a "younger individual" on the alleged disability onset date, but subsequently changed to "closely approaching advanced age" category. 20 C.F.R. §§ 404.1563, 416.963. Carroll has past relevant work as an automobile repair technician, a generally medium exertion level job. He claimed disability based on "scoliosis, 3-bulging disc[s], carpal tunnel, weight limited, anxiety, depression, bipolar." (AR 60.)

## B. ALJ Decision

ALJ Karen Sayon held a hearing by videoconference on August 29, 2018, at which plaintiff appeared personally and by counsel. As of the alleged onset date, the ALJ found that Carroll suffered from the following severe impairments: chronic pain syndrome, osteoarthritis, somatoform disorder, depression and anxiety. (AR 18.) The ALJ also found that Carroll had "no more than a moderate limitation" in concentrating, persisting, or maintaining pace. (AR 19.) In making this determination, the ALJ explained:

> Claimant has complained that he does not handle stress well, but says he handles changes in routine okay (Exhibit 4E, page 7). Claimant has claimed he does not finish what he starts, but says he follows written instructions "okay" and spoken instructions "sometimes okay" (id. at page 6). Claimant has

---

[1] The following facts are drawn from the administrative record, which can be found at dkt. #9. In light of the single challenge raised on appeal with respect to plaintiff's CPP limitation, the court cabins its description of the record to matters relevant to that challenge.

> acknowledged work activity after onset, including recent employment driving for a mobile home. He did not report any deficits with respect to attention and concentration that prevent him from performing the job as required.

(*Id.*)

With respect to crafting an RFC, the ALJ adopted the following nonexertional limitations:

> Claimant can understand and remember simple and multi-step instructions; can sustain attention and concentration for simple and multi-step tasks; can adapt to simple, minor changes in the work routine; and can perform routine tasks.

(AR 20.) In formulating these limitations, the ALJ noted: Carroll's "history of depression and anxiety, exacerbated by pain and stress," but also noted that the record reflect "medication management, but little other treatment"; no "hospitalizations due to chronic mental disability"; "no evidence that he has had or required regular, ongoing psychotherapy treatment"; "[m]ental status examinations have failed to reveal any significant abnormalities"; and mental health conditions "generally remain stable with compliant medication management." (AR 23-24.) In sum, the ALJ concluded that "[w]hile he may experience some waxing and waning in his [mental health] condition, the evidence is not reflective of significant functional limitations greater than that determined above." (AR 26.) The ALJ also noted that plaintiff's mental status examination were "generally unremarkable for extensive deficit in mood, affect, attention, or concentration." (*Id.*) Based on this, the ALJ concluded that the RFC adequately accommodates claimants mental health impairments.

The ALJ also reviewed the opinion evidence and assigned great weight to the opinion of state agency psychology consultant who reviewed Carroll's record at the reconsideration level because she was "able to review more of the evidence and provided a better discussion of . . . [her] findings, based on that evidence." (AR 27 (citing Exhibits 6A and 8A).) The ALJ specifically explained that "[t]he degree of restriction arising from claimant's alleged mental impairments is accurately accounted for in the above residual functional capacity assessment." (AR 27.)

Based on his limitations, the ALJ finally concluded that Carroll could not perform his past relevant work because it was medium exertional level, among other reasons, but accepted the testimony from a vocational expert that there were jobs in significant numbers in the national economy Carroll could perform, including sorter, press operator and bench assembler.

### C. Medical Record

In his brief, plaintiff includes a handful of records describing mental health related issues: noting sleeping and trouble concentrating (AR 440 (8/14/15 record)); completing a neuropsychological system checklist in which Carroll noted "a multitude of cognitive symptoms" (AR 654 (1/1/17 record)); and noting that he was experiencing "feelings of hopelessness and frustration" (AR 741 (10/24/17 record)).[2] However, these records are only marginally relevant to the challenge raised on appeal, given that plaintiff is not

---

[2] Plaintiff also details his medical record with respect to physical ailments -- namely, chronic, radiating back and neck pain -- but these records are not material to the CPP challenge raised on appeal.

4

challenging the ALJ's finding of a moderate (rather than a marked) limitation in CPP. Rather, Carroll is simply challenging how the ALJ addressed this limitation in crafting the RFC.

As indicated above, the ALJ relied on the state agency medical consultant who conducted the record review at the reconsideration stage in determining plaintiff's nonexertional limitations. In particular, JoAnne Coyle, Ph.D., conducted a review dated October 19, 2016, and opined that Carroll does have sustained concentration and persistence limitations, and specifically found that he was "moderately limited" in the following specific areas:

> ability to carry out detailed instructions;
>
> ability to maintain attention and concentration for extended periods;
>
> ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and
>
> ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

(AR 105.) Dr. Coyle then offered the following narrative explanation:

> Cl[aiman]t can sustain att[entio]n/conc[entration] for simple and multistep tasks; he can maintain effort for two hour periods over the course of an eight hour work day and standard work week within acceptable pace and persistence standards.

(*Id.*)

OPINION

The standard by which a federal court reviews a final decision by the Commissioner of Social Security is well-settled. Findings of fact are "conclusive," so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Accordingly, where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993). At the same time, the court must conduct a "critical review of the evidence," *id.*, and insure the ALJ has provided "a logical bridge" between findings of fact and conclusions of law, *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

Here, plaintiff contends that the ALJ erred in her treatment of Carroll's moderate limitations in CPP in formulating the nonexertional limitations in the RFC. More specifically, consistent with well-established case law in the Seventh Circuit, Carroll contends that the nonexertional limitations either did not address his moderate limitation in CPP, but rather other mental health limitations *or* the limitations fail to account for his specific CPP issues. Either way, plaintiff argues this error rendered both the RFC formulation and, as a consequence, opinions by the vocational expert deficient. *See, e.g.*,

6

*O'Connor-Spinner v. Astrue*, 627 F.3d 614, 617 (7th Cir. 2010) (holding that the ALJ should refer "expressly to limitations on concentration, persistence, and pace in the hypothetical in order to focus the VE's attention on these limitations and assure reviewing courts that the VE's testimony constitutes substantial evidence of the jobs a claimant can do"); *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) ("When it comes to the RFC finding, we have likewise underscored that the ALJ generally may not rely merely on catch-all terms like 'simple, repetitive tasks' because there is no basis to conclude that they account for problems of concentration, persistence or pace." (citation and quotation marks omitted)).

In his opposition brief, the Commissioner contends that the ALJ's treatment of the CPP limitation falls within one or more of the exceptions allowed under *O'Connor-Spinner*.[3] *First*, the Commissioner argues that the ALJ's RFC assessment, which included a number of limitations working in tandem, adequately addressed Carroll's moderate limitations in CPP. Specifically, the Commissioner directs the court to *Jozefyk v. Berryhill*, 923 F.3d 492 (7th Cir. 2019), in which the Seventh Circuit concluded that restricting the plaintiff to simple repetitive tasks and limited interactions with others was sufficient to accommodate the plaintiff's CPP limitations because the record reflected that "his impairments surface only when he is with other people or in a crowd." *Id.* at 498.

---

[3] The Commissioner's opposition brief makes a number of other arguments, pointing out, among other things, the ALJ's discounting of plaintiff's credibility and reliance on parts of the record to question whether his mental health limitations are severe. These arguments are also not material to the issue raised on appeal. Moreover, the ALJ found severe impairments of depression and anxiety, along with moderate limitations in CPP. The Commissioner cannot unwind these findings in his opposition brief. As such, the court focuses only on the portion of the Commissioner's brief addressing whether the ALJ appropriately considered Carroll's moderate limitations in CPP in crafting his RFC.

Here, however, the Commissioner does not explain how the limitations the ALJ provided address Carroll's specific CPP limitations. Nor does the ALJ provide a logical bridge between her finding of moderate limitations in CPP and Carroll's reported difficulty in handling stress well or completing what he starts (AR 19), much less the RFC limiting Carroll to: simple and multi-step instructions and tasks; simple, minor changes in the work routine; and routine tasks.

For this reason, the court finds this exception to *O'Connor* inapplicable, but it still rejects plaintiff's argument that the limitations in his RFC could *never* address CPP. Plaintiff argues that limitations concerning instructions and tasks "address[] specific vocational preparation or how long it takes someone to learn a job," and limiting claimant to simple and minor changes in the work routine addresses "social functioning and adaptation." (Pl.'s Opening Br. (dkt. #13) 23.) However, the cases plaintiff cites do *not* support this argument. Indeed, depending on the specific CPP issue a claimant has, those limitations may well be sufficient. For example, if the claimant is distracted by detailed instructions and tasks, then limiting him to simple or multi-step (meaning two or three steps) tasks or instructions could address that limitation. *See e.g., Case v. Berryhill*, No. 17-cv-619-wmc (W.D. Wis. May 28, 2020) (dkt. #13); *Robson v. Saul*, 19-cv-717-wmc (W.D. Wis. May 7, 2020) (dkt. #16). Similarly, if a claimant struggled with shifting from one task to another, then limiting him to simple, minor changes in work routine, could also address CPP limitations.

*Second*, and relatedly, the Seventh Circuit has held that an ALJ may rely on the opinion of "a medical expert who effectively translated an opinion regarding the claimant's

mental limitations into an RFC assessment." *Milliken v. Astrue*, 397 F. App'x 218, 221 (7th Cir. 2010); *Urbanek v. Saul*, 796 F. App'x 910, 914 (7th Cir. 2019) (rejecting CPP challenge where ALJ "appropriately relied on Dr. Rozenfeld's testimony to formulate Urbanek's residual functional capacity"); *Varga v. Colvin*, 794 F.3d 809, 815 (7th Cir. 2015) (("[A]n ALJ may rely on a doctor's narrative RFC, rather than the checkboxes, where that narrative adequately encapsulates and translates those worksheet observations."); *Saunders v. Berryhill*, No. 17-CV-616-BBC, 2018 WL 4027030, at *5 (W.D. Wis. Aug. 23, 2018), *aff'd sub nom. Saunders v. Saul*, No. 18-2910, 2019 WL 2714329 (7th Cir. June 28, 2019) (rejecting challenge where ALJ relied on medical expert in translating CPP limitation into RFC).

Here, as the ALJ noted, Dr. Coyle expressly opined:

> Cl[aiman]t can sustain att[entio]n/conc[entration] for simple and multistep tasks; he can maintain effort for two hour periods over the course of an eight hour work day and standard work week within acceptable pace and persistence standards.

(AR 105.) As a consulting psychologist, the ALJ placed great weight on Coyle's opinion, and obviously relied on it in limiting Carroll to simple and multi-step instructions and tasks, and in finding that there was no need to include any other, express limitations as to pace or persistence (*e.g.*, a percent off-task limitation) in light of Coyle's opinion that he could maintain acceptable pace and persistence standards.

In fairness, plaintiff also contends that the ALJ erred in relying on Coyle's opinion because: (1) there is nothing in the record to indicate that Dr. Coyle is familiar with disability standards and, therefore, her opinion about "acceptable" standards constitutes speculation; and (2) the narrative fails to take into account all limitations described in

9

Section I of the form. The court rejects the first challenge out of hand, agreeing with the Commissioner that it was reasonable for the ALJ to infer Dr. Coyle's familiarity with the requirements for competitive work. In fact, the regulations explain that state agency psychologists, like Dr. Coyle, are assumed to be "highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1). In concluding that Carroll could maintain pace and persistence at an acceptable level, Dr. Coyle was simply opining that he did not need any accommodations in that area. This certainly falls well within her area of expertise.

As for the second challenge, plaintiff specifically argues that Dr. Coyle's narrative did not address her own finding in Section I of the form that Carroll was moderately limited in his "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances." (AR 105; Pl.'s Reply (dkt. #15) 9.) However, plaintiff stops short of explaining *how* the narrative is "not consistent" with Dr. Coyle's findings in Section I of the form, which is the required test. *See Rudie v. Saul*, No. 18-CV-562-WMC, 2019 WL 6799450, at *5 (W.D. Wis. Dec. 13, 2019) ("In several cases, the Seventh Circuit has found no error by the ALJ in adopting an agency consultant's narrative RFC finding, provided the ALJ reasonably credited the consultant's opinion and the opinion is 'not inconsistent' with the consultant's findings on the worksheet in Section 1 of the assessment.") (citing *Capman v. Colvin*, 617 F. App'x 575, 579 (7th Cir. 2015)). Moreover, from the court's perspective, limiting Carroll to simple and multi-steps tasks and instructions could well address Carroll's moderate limitations with respect to his ability to perform activities within a schedule or, at least, the narrative is consistent with such a

finding. Regardless, plaintiff fails to explain why Dr. Coyle's opinion that Carroll can perform "within acceptable pace and persistence standards" requires any limitation, much less what other RFC limitations would be required to address his CPP issues.

Accordingly, the court concludes that the ALJ reasonably relied on Dr. Coyle's translation of Carroll's moderate limitations in CPP in formulating his RFC and will affirm the Commissioner's denial.

## ORDER

IT IS ORDERED that:

1) The decision of defendant Andrew M. Saul, Commissioner of Social Security, denying plaintiff Robert T. Carroll's application for disability benefits is AFFIRMED.

2) The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 1st day of June, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge